WALLACE, JUDGE:
The claimant instructed an automobile technology program at Parkersburg Community College, Parkersburg, West Virginia. During the spring semester of 1976, he agreed to repair an unlicensed, 1967 Ford Mustang belonging to William Satoris as a part of his class instruction. Mr. Satoris was to pay for the parts. After class periods, the automobile was parked in the area reserved for teacher parking. Following the spring semester and a six-week summer course, the claimant left the school for a month on a school-sponsored trip. The vehicle was left on the teachers’ parking lot. In the trunk were a transmission and alternator, belonging to the claimant.
The claimant testified he had parked old automobiles on the parking lot previously, but for not more than two hours at a time.
A security employee of the respondent observed that the Mustang and two other automobiles had been on the parking lot for some time and reported the fact to his superior. He was instructed to tag them with a notice requesting their removal within seven days. Such notices were placed on the vehicles. The automobiles were not removed by the owners, and after seven days they were towed away.
The claimant, upon his return to the school, discovered the Satoris automobile missing. His investigation revealed that it had been towed away and he found it on the premises of H & M Wrecking, the firm that towed the vehicles. The engine had been removed. He did not inspect the truck to ascertain whether his transmission and alternator were still there. He *192 made no effort to pay the towing and storage charges to repossess the vehicle, nor did he notify Mr. Satoris of the loss of his automobile and its subsequent location at H & M Wrecking.
The claimant filed this claim for the loss of the automobile belonging to Mr. Satoris and for the loss of his transmission and alternator.
From the record, there is no basis for the respondent to be held liable to the claimant for the loss of an automobile belonging to Mr. Satoris, nor is there any liability upon the respondent for the loss of the transmission and alternator belonging to the claimant.
The claimant left the Mustang with its contents on the parking lot knowing that he would be absent from the school for some time. Personnel at the school were not advised as to the ownership of the automobile nor were any arrangements made to leave it parked on the parking lot. The action taken by the respondent was readily foreseeable under the circumstances. There was no negligence or wrongdoing proved on the part of the respondent which would justify recovery. The claim of the claimant is disallowed.
Claim disallowed.